Dana Jonathon Nitz, Esq. (SBN 0050)
WRIGHT, FINLAY & ZAK, LLP
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
Tel: 702-475-7964; Fax: 702-946-1345
dnitz@wrightlegal.net
*Attorneys for Defendant/Counterclaimant Federal National Mortgage Association*

Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228   Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com

(*Pro Hac Vice* to be Submitted)
Asim Varma, Esq.
Howard N. Cayne, Esq.
Michael A.F. Johnson, Esq.
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel: (202) 942-5000   Fax: (202) 942-5999
Asim.Varma@aporter.com; Howard.Cayne@aporter.com; Michael.Johnson@aporter.com

*Attorneys for Intervenor Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SUMMIT CANYON RESOURCES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> GEORGE A. TANKSLEY; LASHAWN THOMPSON-TANKSLEY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; CITIMORTGAGE, INC.; DOES I-V, inclusive; and ROE CORPORATIONS I-V, inclusive, <br><br> Defendants, <br> and <br> FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association, <br><br> Intervenor. | CASE NO.: 2:15-cv-00656-RFB-VCF <br><br> **FEDERAL NATIONAL MORTGAGE ASSOCIATION AND FEDERAL HOUSING FINANCE AGENCY'S MOTION TO STAY DISCOVERY** |

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10938243.1

FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government sponsored entity; and FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association,

                        Counterclaimants,

vs.

SUMMIT CANYON RESOURCES, LLC, a Nevada limited liability company; WATERFALL HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation,

                        Counter-Defendants.

## I.  INTRODUCTION

Defendant/Counter-Plaintiff Federal National Mortgage Association ("Fannie Mae") and Intervenor Federal Housing Finance Agency, as Conservator of Fannie Mae ("FHFA," or the "Conservator"), pursuant to Federal Rule of Civil Procedure 42(a), respectfully move this Court for a stay of discovery pursuant to Fed. R. Civ. P. 26.  Defendant CitiMortgage, Inc. consents to a stay of discovery.  Plaintiff/Counter-Defendant Summit Canyon Resources LLC does not consent to a stay of discovery.  Fannie Mae and FHFA have been unable to obtain Counter-Defendants Waterfall Homeowners Association's and Alessi & Koenig's position on the requested stay of discovery as of the date of this motion.

Discovery in this matter should be stayed pending resolution of Fannie Mae's and FHFA's contemporaneously filed Motion to Consolidate this action with a defendants' class action that Fannie Mae, FHFA, and the Federal Home Loan Mortgage Corporation ("Freddie Mac," and with Fannie Mae, the "Enterprises") have filed in this District (the "Putative Class Action").  The purpose of the consolidation motion, and of similar motions filed or to be filed in at least five related actions, is to facilitate the efficient management of a growing number of related cases that, despite minor, non-dispositive factual differences, all turn on the same dispositive legal issue: whether a homeowner's association foreclosure sale conducted under Nev. Rev. Stat. § 116.3116(2) ("HOA Sale") may extinguish the Enterprises' property interests.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10938243.1

2

The Enterprises and FHFA argue and numerous decision in this District confirm, that 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") precludes an HOA Sale from extinguishing the Enterprises' property interests and preempts any contrary state law.

As described in the Motion to Consolidate, the interests of efficiency and judicial economy would be served by consolidation of this action with the Putative Class Action. The efficiencies to this Court and to the parties would be diminished if the parties were required to pursue discovery while the Motion to Consolidate is pending. Accordingly, a stay of discovery would advance the purposes underlying the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 1, and therefore be appropriate here.

## II.     BACKGROUND[1]

On March 6, 2015, Summit Canyon filed quiet title and declaratory relief claims against Fannie Mae and other defendants. (Compl. ¶¶ 16-33.) Summit Canyon argues that by foreclosing on a senior lien, the HOA Sale extinguished all junior liens and encumbrances, including the Subject Deed of Trust. (*Id.* ¶ 28.) On April 9, 2015, Fannie Mae removed this case to federal court. (Dkt. 1.)

On May 27, 2015, FHFA moved to intervene in the action. (Dkt. 28.) That motion was granted on July 20, 2015. (Dkt. 44.) Fannie Mae and FHFA asserted defenses and counterclaims based on, among other things, the argument that the Federal Foreclosure Bar preempts the State Foreclosure Statute and therefore prevents the extinguishment of the Deed of Trust. (Dkt. 4, 46.)

The Court granted the parties' joint motion for a stay of discovery on August 4, 2015. (Dkt. 49.) To date, no party has filed a dispositive motion. FHFA and Fannie Mae have filed a Motion to Consolidate this case with the Putative Class Action concurrently with this motion.

---

[1]  FHFA and Fannie Mae refer the Court to the factual description of this case in their concurrently filed Motion to Consolidate.

10938243.1

### III. ARGUMENT

#### A. Legal Standard Governing Motions to Stay Discovery

District courts have "wide discretion in controlling discovery." *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion.").

In this District, courts "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1, [which is an evaluation of] whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to stay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603. Indeed, courts may limit discovery "upon showing of good cause or where 'justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 601 (quoting *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003)). In addition, a stay of discovery may be appropriate to "further[] the goal of efficiency for the court and the litigants." *Id.* Accordingly, "when there are no factual issues . . . and the issues before the Court are purely questions of law that are potentially dispositive," this Court has approved stays of discovery. *See FDIC v. Simon*, No. 2:11-cv-01001, 2011 WL 4961974, *1 (D. Nev. Oct. 18, 2011).

#### B. A Stay of Discovery Pending Resolution of the Motion to Consolidate Would Further the Interests of Judicial Economy and Conservation of Party Resources

A stay of discovery is appropriate in this case. Consolidating the instant case with the Putative Class Action and other similarly situated, related cases for briefing and argument of a potentially dispositive summary judgment motion based on the preemptive effect of the Federal Foreclosure Bar would avoid duplicative effort by the parties and advance judicial efficiency. FHFA and/or Fannie Mae are parties to more than 30 similar cases and Plaintiff is a party to at least one other related case. Consolidation with the Putative Class Action would reduce the costs

10938243.1

4

and burden of piecemeal litigation and further the Conservator's goal to "preserve and conserve the assets and property" of the Enterprises. 12 U.S.C. § 4617(b)(2)(B)(iv).

While consolidation would reduce the time spent and costs incurred in litigating the same dispositive issue in a growing number of cases and facilitate the conservation of taxpayer funds that support FHFA and the Enterprises in conservatorship, such efficiencies would be diminished without a stay of discovery until the Motion to Consolidate is resolved by this Court. Although FHFA and Fannie Mae believe the dispositive issue can be resolved without the need for any discovery, whether is discovery is necessary should be decided by the court that will ultimately hear the substantive claims in this action. Thus, launching into discovery before the Motion to Consolidate is resolved could put this case into a different posture from other cases for which consolidation will be sought, and could therefore create more complex and inefficient coordination problems for the parties and the court that will ultimately hear any cases that are consolidated.

Plaintiff may argue that this case features some factual difference which should prevent the case from being consolidated and/or which require discovery. Not so. In all of the related cases the dispositive legal issue is identical, and subtle differences in the underlying facts are immaterial to the resolution of that issue. Indeed, despite certain factual differences regarding the assignment and recordation of the relevant deeds of trust, eight recent decisions in this District have resolved dispositive motions on this same issue in favor of FHFA and the Enterprises.[2]

---

[2] *See Skylights v. Byron*, No. 2:15-cv-0043-GMN-VCF, 2015 WL 3887061 (D. Nev. June 24, 2015); *Elmer v. Freddie Mac.*, No. 2:14-cv-01999-GMN-NJK, 2015 WL 4393051 (D. Nev. July 13, 2015); *Premier One Holdings, Inc. v. Fannie Mae*, No. 2:14-cv-02128-GMN-NJK, 2015 WL 4276169 (D. Nev. July 13, 2015); *Williston Investment Grp., LLC v. JP Morgan Chase Bank, NA*, No. 2:14-cv-02038-GMN-PAL, 2015 WL 4276144 (D. Nev. July 13, 2015); *My Global Village, LLC v. Fannie Mae*, No. 2:15-cv-0211-RCJ-NJK, 2015 WL 4523501 (D. Nev. July 27, 2015); *1597 Ashfield Valley Trust v. Fannie Mae*, No. 2:14-cv-2123-JCM-CWH, 2015 WL 4581220 (D. Nev. July 28, 2015); *Fannie Mae v. SFR Investments Pool 1, LLC*, No. 2:14-CV0-2046-JAD-PAL, 2015 WL 5723647 (D. Nev. Sept. 28, 2015); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015).

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10938243.1

5

Here, as in *Skylights*, Fannie Mae's property interest is evident from the recorded assignment of the Deed of Trust to Fannie Mae prior to the HOA Sale. But even without that assignment, and as discussed in the Motion to Consolidate, any argument concerning whether or when the Deed of Trust was assigned to Fannie Mae would be immaterial in light of (1) Nevada law, which follows the Restatement approach as recently clarified by the Nevada Supreme Court in *In re Montierth*, 354 P.3d 648 (Nev. 2015), and (2) the publicly accessible servicing guidelines of Fannie Mae and Freddie Mac that govern their relationships with their servicers. As FHFA and Fannie Mae have explained in their Motion to Consolidate, these issues can and should be resolved without discovery; in any event, because they go to the merits of the case rather than merely to consolidation, they provide no reason for any discovery to take place before the Motion to Consolidate is resolved.

FHFA and Fannie Mae do not seek this stay pending the resolution of a dispositive motion, as none is currently pending, but the basis for the request is similar. Absent consolidation, FHFA and Fannie Mae would file a summary judgment motion in this action that would be essentially identical to the summary judgment motions already filed in the other related cases and future dispositive motion briefing in the Putative Class Action. A stay in this case until it is consolidated with the Putative Class Action will allow the parties to submit one set of briefs on the dispositive legal issues in this case. Accordingly, a stay is justified here because it would "secure the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

///
///
///
///
///
///
///
///
///

10938243.1

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

## IV. CONCLUSION

Based on the foregoing, Fannie Mae and FHFA respectfully request that the Court stay discovery pending the resolution of the Motion for Consolidation.

DATED this 13th day of October, 2015.

| **WRIGHT, FINLAY & ZAK, LLP** | **FENNEMORE CRAIG, P.C.** |
|---|---|
| By: /s/ Dana Jonathon Nitz<br>Dana Jonathon Nitz, Esq. (SBN 0050)<br>Chelsea A. Crowton, Esq. (SBN 11547)<br>7785 W. Sahara Ave., Suite 200<br>Las Vegas, NV  89117<br>Tel:  702-475-7964  Fax 702-946-1345<br>dnitz@wrightlegal.net;<br>ccrowton@wrightlegal.net<br><br>*Attorneys for Defendant/Counterclaimant Federal National Mortgage Association* | By: /s/ Leslie Bryan Hart<br>Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228 Fax: 775-788-2229<br>lhart@fclaw.com; jtennert@fclaw.com<br>and<br>**ARNOLD & PORTER LLP**<br>(Admitted *Pro Hac Vice*)<br>Asim Varma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq.<br>*Attorneys for Intervenor Federal Housing Financing Agency* |

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10938243.1

7

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 13th day of October, 2015, a true and correct copy of the **MOTION TO STAY DISCOVERY,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

John P. Aldrich   jaldrich@johnaldrichlawfirm.com

Stephanie Cooper   stephanie@johnaldrichlawfirm.com

Natalie M. Cox   ncox@klnevada.com

Laurel I. Handley   lhandley@aldridgepite.com

Krista Nielson   knielson@aldridgepite.com

Edward D Boyack   mardi@boyacklaw.com

Vanessa Goulet   vanessa@alessikoenig.com

                                          /s/   Pamela Carmon
                                      Pamela Carmon

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10938243.1

8