UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SUMMIT CANYON RESOURCES, LLV,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE A. TANKSLEY; LASHAWN THOMPSON-TANKSLEY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; CITIMORTGAGE, INC., DOES 1 through V, inclusive; and ROE CORPORATIONS I through V, inclusive,<br><br>Defendants. | Case No. 2:15-cv-00656-RFB-VCF<br><br>**ORDER**<br><br>Motion for Leave to File Amended Complaint (ECF No. 54) |

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff Summit Canyon Resources, LLC's Motion for Leave to File an Amended Complaint. ECF No. 54. In its motion and reply to Defendant's response to its motion (ECF No. 63), Plaintiff seeks to amend its Complaint to add claims in the alternative against Defendants Waterfall Homeowner's Association (HOA) and Alessi & Koenig, LLC. For the reasons discussed below, Plaintiff's motion is granted.

**II.   BACKGROUND**

Plaintiff is the present owner of real property in Clark County, Nevada, that it purchased from the HOA at an HOA foreclosure sale on January 28, 2015. ECF No. 1-1.

Plaintiff filed a complaint to quiet title on Mach 6, 2015 in the Eighth Judicial District Court. ECF No. 1-1. On April 9, 2015, Defendant Federal National Mortgage Corporation removed the claim to this Court. ECF No. 1. Discovery was first stayed on August 31, 2015

(ECF No. 53), then on October 20, 2015 (ECF No. 59) and again on August 15, 2016 (ECF No. 92). No Scheduling Order has been filed.

Plaintiff filed this motion to amend on October 12, 2015, requesting to add claims in the alternative against Defendants Waterfall Homeowners Association (HOA). ECF No. 54. The HOA filed a limited opposition to this motion on October 27, 2015, stating they would withdraw opposition so long as Plaintiff included Alessi & Koenig on all alternative claims against the HOA. ECF No. 60. Plaintiff replied on November 6, 2015, and attached a proposed amended complaint including claims in the alternative against both the HOA and Alessi & Koenig. ECF No. 63.

### III. LEGAL STANDARD

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, provided that leave to amend is requested prior to the expiration of the deadline for amending pleadings as set forth in the scheduling order, if one has been entered. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline [has] expired" before the filing of the motion to amend).

According to Rule 15, courts should freely grant a party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"— considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice is the "touchstone" of the Rule 15(a) analysis and therefore receives the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

## IV. DISCUSSION

In the HOA's limited opposition to Plaintiff's motion to amend, it stated that "[s]hould Plaintiff choose to add [Alessi & Koenig] to its amended complaint, HOA would withdraw its limited opposition." ECF No. 60. Plaintiff has filed a proposed amended complaint along with its reply that includes Alessi & Koenig as defendants in their alternative claims against the HOA. ECF No. 63-1. Plaintiff has changed its proposed amended complaint to meet the request of the HOA in its limited opposition to Plaintiff's motion to amend.

In this case, there has been no evidence of undue delay or bad faith. There is no prejudice to the Defendants, as the HOA has agreed to withdraw opposition if Plaintiff adds Alessi & Koenig as defendants on the proposed alternative claims. Plaintiff has complied with this request. For these reasons, the Court grants Plaintiff leave to file its Proposed Amended Complaint.

## V. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Summit Canyon Resources, LLC's Motion to Amended (ECF No. 54) is GRANTED. Plaintiff shall have 14 days from the date of entry of this Order to file the Amended Complaint.

**DATED**: September 21, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**