# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**\*\*\***

SUMMIT CANYON RESOURCES, LLC,

          Plaintiff,

vs.

  GEORGE A. TANKSLEY, *et al.*,

          Defendants.

2:15-cv-00656-RFB-VCF
**ORDER SANCTIONING STEVEN T. LOIZZI, JR.**

      On October 24, 2016, Waterfall Homeowners Association ("HOA") filed a Motion to Compel. (ECF No. 100).  Federal National Mortgage Association filed a limited opposition. (ECF No. 104).  The motion requested information regarding funds held in Alessi & Koenig's trust account as a result of the foreclosure sale at issue in this case, an accounting of such funds received and disbursed, and deposit of any remaining funds with the court.

      Alessi & Koenig is a party to this case, represented by Steven T. Loizzi, Jr.  Mr. Loizzi is the only counsel of record for his client.  No opposition to the Motion to Compel (ECF No. 100) was filed by Alessi & Koenig.

      On November 16, 2016, this court issued an order (ECF No. 109) setting a hearing for November 28, 2016, to hear argument regarding the Motion to Compel (ECF No. 100).  That November 16th order mandated the presence of "the attorney responsible for managing Alessi & Koenig's Trust Account."

      Mr. Loizzi failed to appear for that hearing and no attorney responsible for managing Alessi & Koenig's Trust Account appeared.  As a result, the court entered an order to show cause (ECF No. 115) mandating that Mr. Liozzi show cause in writing why he failed to appear and why he should not be sanctioned.  Mr. Liozzi was further ordered to appear in person before the court on Wednesday December 7, 2016 at 3:00 PM.  Other counsel of record appeared at the appointed time, but Mr. Liozzi failed to

appear.  Also, Alessi & Koenig did not comply with the Order granting the HOA's Motion to Compel (ECF No. 116).

The courtroom deputy located Mr. Liozzi at home and the court permitted his appearance telephonically.  In response to questions by the court, Mr. Liozzi stated that during a scheduling meeting before the November 28th hearing, he instructed his staff to arrange for "coverage counsel" to appear in his stead at the November 28th hearing, because he was required to appear at the same time at a trial in state court.  Coverage counsel was a contract attorney, not a member of his firm, who from time to time appears in his stead.  Mr. Liozzi represented that his staff must have failed to make the necessary arrangements.  He admitted that he engaged in no follow up to insure that his instructions were carried out.

Accepting Mr. Liozzi's representations as true, he did not fulfill his obligations as an attorney admitted to this court who is the only attorney of record for his client in this case.  He was required to take all steps necessary to insure that a proper appearance was made and that his client complied with the court's order regarding the appearance of the attorney responsible for the trust account. He did not do this. The order specifically required the presence of "the attorney responsible for managing Alessi & Koenig's Trust Account."  Had the contract attorney, identified as Huong Lam, appeared on November 28th, her appearance would not have met this requirement.  The law firm is facing serious issues here regarding funds deposited in its trust account.  Mr. Liozzi's failure to give this matter the attention warranted is not justified on this record.

Mr. Liozzi offered no excuse for failing to comply with the order to show cause (ECF No. 115) or for failing to comply with the order granting the motion to compel (ECF No. 116).

During yesterday's hearing, the court sanctioned Mr. Liozzi for failure to comply with three separate Court Orders (ECF Nos. 109, 115, and 116) and ordered him to pay, on or before 4:00 PM, December 13, 2016, One Thousand Dollars ($1,000.00) to the Clerk of Court for deposit into the Crime Victims' Fund.  On further reflection, recognizing that this is the first occurrence of sanctionable conduct

by Mr. Liozzi before this court, and mindful of the extraordinary circumstances and context of the extensive pending litigation concerning home owners' association foreclosures, I have decided that Five Hundred Dollars ($500.00) is a more appropriate sanction.

Mr. Liozzi is admonished that further incidents of this nature will result in more severe sanctions. He would be well advised to personally read every order entered in a case, in which he is that attorney of record, and take steps to insure that all orders are complied with fully.  The court is always open to reasonable accommodation of scheduling conflicts upon the timely filing of an appropriate motion.

Accordingly, IT IS HEREBY ORDERED that on or before 4:00 PM, December 13, 2016, Mr. Liozzi must pay Five Hundred Dollars ($500.00) to the Clerk of Court for deposit into the Crime Victims' Fund.

DATED this 8th day of December, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE