UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

SUMMIT CANYON RESOURCES, LLC,

    Plaintiff,

    v.

GEORGE A. TANKSLEY, *et al.*,

    Defendants.

Case No. 2:15-cv-00656-RFB-VCF

ORDER

### I. INTRODUCTION

Before the Court is Plaintiff Summit Canyon Resources, LLC's Motion for Default Judgment Against Defendants George A. Tanksley and Lashawn Thompson-Tanksley. ECF No. 133.

### III. FACTUAL BACKGROUND

The Court accepts the following factual allegations from Plaintiff Summit Canyon Resources, LLC's ("Summit Canyon") Amended Complaint, ECF No. 94, and the Affidavit in Support of Summit Canyon's Motion for Default Judgment, ECF No. 134.

Defendants George Tanksley ("Tanksley") and LaShawn Thompson-Tanksley ("Thompson-Tanksley") obtained a loan to acquire the property located at 4104 Helen's Pouroff Avenue, North Las Vegas, Nevada 89085 (APN: 124-07-813-005) in 2006. A deed of trust was recorded with the Clark County Recorder in relation to the loan. The loan is now held by Defendant Federal National Mortgage Association ("Fannie Mae").

The property sits in a neighborhood governed by Waterfall Homeowners Association's ("HOA") regulations and the Covenants, Conditions, and Restrictions recorded with the Clark

County Recorder. Thus, Tanksley and Thompson-Tanksley were obligated to pay homeowners assessments. On January 8, 2014, the HOA filed a delinquent assessment lien as a result of the homeowners assessments being unpaid. The HOA then filed all necessary documents to hold a nonjudicial foreclosure sale under Chapter 116 of the Nevada Revised Statutes ("NRS"). The foreclosure sale occurred on January 28, 2015, at which Summit Canyon purchased the property. The HOA provided a deed under NRS Chapter 116 that purports to vest Summit Canyon with the title of the property without equity or right of redemption.

## II.   PROCEDURAL BACKGROUND[1]

Summit Canyon sued Tanksley and Thompson-Tanksley, among others, on March 6, 2015 in the Eighth Judicial District Court of Nevada. ECF No. 1 at 6. Summit Canyon asserted a single cause of action: "Quiet Title/Declaratory Relief" under NRS 40.010, NRS 30.010, and NRS 116.3116 *et seq.* Id. at 8. Summit Canyon served Tanksley and Thompson-Tanksley on March 11, 2015. ECF No. 11-1. The matter was then removed to this Court on April 9, 2015. Id. The Clerk of the Court entered default judgment against Tanksley and Thompson-Tanksley on April 23, 2017. ECF No. 14.

Summit Canyon filed an Amended Complaint on September 22, 2016. ECF No. 94. The Amended Complaint asserts the same quiet title/declaratory relief claim as that in the initial complaint. Compare ECF No. 1, with ECF No. 94. It also asserts three additional causes of actions against the HOA. ECF No. 94. Summit Canyon brings the quiet title/declaratory relief claim against Tanksley, Thompson-Tanksley, Fannie Mae, and the HOA, seeking to quiet the title to the property based on the HOA foreclosure sale. Id. The Federal Housing Finance Agency ("FHFA") has intervened as the conservator of Fannie Mae. ECF No. 28.

Summit Canyon now moves for default judgment against Tanksley and Thompson-Tanksley. ECF No. 133. It also seeks an order entering judgement in its favor on its quiet title

---

[1] This matter was stayed on November 22, 2016, pending the exhaustion of any appeals and the issuance of a mandate in Bourne Valley Court Trust v. Wells Fargo Bank, 832 F.3d 1154 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017). ECF No. 110. The Court instructed that "any party may move to lift the stay" after "all appeals are exhausted and the mandate has issued[.]" Id. Neither party has moved to lift the stay.

claims as to Tanksley and Thompson-Tanksley as a result of the deed provided via the foreclosure sale. Id. The motion is unopposed as it relates to Tanksley and Thompson-Tanksley. But Fannie Mae and FHFA oppose quieting title fully in Summit Canyon at this junction as the quiet title claim (and counter claims) between Fannie Mae, FHFA, and Summit Canyon have yet to be resolved. ECF No. 134.

**IV.  LEGAL STANDARD**

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471-72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

**V.  DISCUSSION**

The Court finds the Eitel factors granting default judgment against Tanksley and Thompson-Tanksley. To begin, the Court finds the first factor favors default judgment because

1 Tanksley and Thompson-Tanksley have taken no action to defend their rights or interest, if any, to
2 the property since the initial complaint was filed in March 2015. Three years has since passed.
3 Because of Tanksley and Thompson-Tanksley's inaction, Summit Canyon cannot litigate its claim
4 against Tanksley and Thompson-Tanksley on the merits.

The second, third, and fourth factors also favor default judgment. The complaint sufficiently alleges a foreclosure process that extinguished Tanksley and Thompson-Tanksley's rights or interest, if any, to the property as of 2015. The foreclosure process is supported by publicly recorded documents.

As to the fifth factor, Summit Canyon seeks declaratory judgment in relation to the quiet title claim; no amount of money is at stake between Summit Canyon and Tanksley and Thompson-Tanksley.

Finally, although the Federal Rules favors deciding cases on the merits, the substantial amount of time in which Tanksley and Thompson-Tanksley have failed to act suggests a decision on the merits as to Tanksley and Thompson-Tanksley is not a possibility and the failure to act is not a result of excusable neglect. The Court therefore grants Summit Canyon's Motion for Default Judgment against Tanksley and Thompson-Tanksley, finding that neither has any right, title, or interest in the property at issue. The Court, however, does not quiet title in Summit Canyon because the remaining Defendants—Fannie Mae, FHFA, and the HOA—have not been found in default. Thus, the quiet title claim continues against Summit Canyon and the remaining Defendants.

### VI. CONCLUSION

**IT IS ORDERED** that Summit Canyon Resources, LLC's Motion for Default Judgment is GRANTED. ECF No. 133. The Court declares that Defendants George A. Tanksley and LaShawn Thompson-Tanksley have no rights, title, or interest in the property located at 4104 Helen's Pouroff Avenue, North Las Vegas, Nevada 89085 (APN: 124-07-813-005). The Clerk of the Court is instructed to enter judgment in favor of Summit Canyon Resources, LLC as to its quiet title only in relation to Defendants George A. Tanksley and LaShawn Thompson-Tanksley.

**IT IS FURTHER ORDERED** that the quiet title claim brought by Summit Canyon Resources, LLC shall proceed against Federal National Mortgage Association, Federal Housing Finance Agency, and Waterfall Homeowners Association. The Court does not grant a final judgment on any quiet title claims pending in this matter as they relate to the remaining Defendants in this action.

DATED: October 18, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**