# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\*\*\***

| | |
|---|---|
| CHAMPERY REAL ESTATE 2015, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>GEORGE A. TANKSLEY, *et al.*,<br><br>        Defendants. | 2:15-cv-00656-RFB-VCF<br>**REPORT AND RECOMMENDATION** |

Before the court is Federal National Mortgage Association's Motion to Claim Excess Proceeds (ECF No. 145). Champery Real Estate 2015, LLC filed a Notice of Non-Opposition to the instant motion. (ECF No. 146).

This matter arises from a non-judicial foreclosure sale to enforce a homeowner's association's lien ("HOA Sale") against the real property located at 4104 Helens Pouroff Ave., North Las Vegas, Nevada 89085 (the "Property"), which resulted in excess proceeds. Fannie Mae states that it is the record beneficiary of the first Deed of Trust and it owns the loan secured by a Deed of Trust against the Property. The homeowner's association's lien and related foreclosure fees and costs, have been paid in full per admissions in the record by Crossclaimant Alessi & Koenig, LLC ("A&K"). (ECF No. 145).

NRS 116.31164(7) states,

> 7. After the sale, the person conducting the sale shall:
>   (a) Comply with the provisions of subsection 2 of NRS 116.31166; and
>   (b) Apply the proceeds of the sale for the following purposes in the following order:
>     (1) The reasonable expenses of sale;
>     (2) The reasonable expenses of securing possession before sale,

> holding, maintaining, and preparing the unit for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, and, to the extent provided for by the declaration, reasonable attorney's fees and other legal expenses incurred by the association;
> (3) Satisfaction of the association's lien;
> (4) Satisfaction in the order of priority of any subordinate claim of record; and
> (5) Remittance of any excess to the unit's owner

Fannie Mae states that it is the only lienholder entitled to claim the remaining excess proceeds. The proceeds in the amount of $82,504.48, were deposited to the Court on December 14, 2016. (ECF NO. 120). Fannie Mae states that it is the beneficiary of record of the Deed of Trust at the time of the HOA Sale on January 28, 2015, pursuant to a corporate assignment of Deed of Trust, recorded against the Property on October 14, 2014, and that the Excess Proceeds must be applied to satisfy the first priority, first recorded Deed of Trust. NRS 116.31164(7)(b)(4).

The court held a hearing on December 10, 2018. Casey Nelson, Esq. appeared on behalf of Plaintiff Champery Real Estate 2015, LLC. Christina Miller, Esq. appeared on behalf of Defendant Federal National Mortgage Association. Patrick A. Orme, Esq. appeared on behalf of Counter Defendant/Third Party Plaintiff Waterfall Homeowners Association. The court canvassed and heard representations from the parties. No opposition was made by the parties.

Accordingly, and good cause appearing,

IT IS HEREBY RECOMMENDED that the Excess Proceeds, in the amount of $82,504.48, plus accrued interest, be disbursed to Fannie Mae.

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

DATED this 10th day of December, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE